UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LACEY SIVAK,<br><br>               Plaintiff,<br><br>v.<br><br>B. LYNN WINMILL; AMANDA K. BRAILSFORD; and DAVID C. NYE,<br><br>               Defendants. | Case No. 1:24-cv-00164-AKB<br><br>**INITIAL REVIEW ORDER BY SCREENING JUDGE** |

The Clerk of Court conditionally filed Plaintiff Lacey Sivak's initial pleading in this case based on Plaintiff's status as an inmate. The initial pleading is entitled, "<u>Criminal</u> Resubmitted Criminal Complaint." (Dkt. 1). Though the caption of the document reads, "In the Matter of the Criminal Complaint" against the named defendants and does not identify a plaintiff, the Court has realigned the parties to identify Sivak as the Plaintiff. *See Scotts Co. LLC v. Seeds, Inc.*, 688 F.3d 1154, 1156 (9th Cir. 2012) ("Federal courts have broad authority to look beyond the pleadings[] and arrange—or realign—the parties according to their sides in the dispute.") (internal quotation marks and alterations omitted).

The Court now reviews the Complaint to determine whether it or any of the claims contained therein should be summarily dismissed under 28 U.S.C. § 1915A. Having reviewed the record, and otherwise being fully informed, the Court enters the following Order dismissing this case with prejudice as frivolous and malicious.

1.   **The Rule of Necessity**

As an initial matter, the Court must address whether it must recuse itself.

Judges must recuse themselves "in any proceeding in which [their] impartiality might reasonably be questioned." 28 U.S.C. § 455(a). Given that the undersigned judge is a named defendant in this case, recusal might ordinarily be warranted.

However, Plaintiff has also named both of the other District Judges in the District of Idaho. Where a litigant has sued all of the judges of a court, a judge need not recuse herself simply because she is identified or named in the lawsuit. Under this "rule of necessity," disqualification is not required even though it might be possible to find an Article III judge "somewhere in the country" who is not named in the suit. *Glick v. Edwards*, 803 F.3d 505, 509 (9th Cir. 2015).

Applying the rule of necessity, the Court concludes that recusal is not required. The Court now turns to considering Plaintiff's criminal complaint under the Prison Litigation Reform Act ("PLRA").

2.   **Screening Requirement**

The PLRA requires that the Court review complaints filed by prisoners seeking relief against a governmental entity, or an officer or employee of a governmental entity, to determine whether summary dismissal is appropriate. 28 U.S.C. §§ 1915 & 1915A. The Court must dismiss any claims that do not have adequate factual support or are frivolous or malicious. 28 U.S.C. §§ 1915(e)(2) & 1915A.

A complaint is frivolous if it has "no basis in law or fact." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). And malicious claims include those that a plaintiff reasserts after they have been previously dismissed. *See, e.g.*, *Brinson v. McKeeman*, 992 F. Supp. 897, 912 (D. Tex. 1997) ("It is malicious per se for a pauper to file successive In Forma Pauperis suits that duplicate claims made in other pending or previous lawsuits."); *Scott v. Weinberg*, 2007 WL 963990, at *12-

INITIAL REVIEW ORDER BY SCREENING JUDGE - 2

13 (D. Wash. March 26, 2007) (malicious suits include those that are "attempts to vex, injure, or harass the defendants," that are "plainly abusive of the judicial process or merely repeat[ ] pending or previously litigated claims," or that can be characterized as "irresponsible or harassing litigation"); *Thomas v. Commonwealth of Virginia*, 2005 WL 1074333, at *5 (D. Va. May 5, 2005) (repetitive lawsuit was frivolous and malicious where plaintiff was told in his previous suit that he had not stated a claim).

3.  **Discussion**

Plaintiff's "Criminal Resubmitted Criminal Complaint" is frivolous and malicious. The Court has warned Plaintiff on many occasions that, as a private citizen, he cannot institute a federal criminal action. *See, e.g.*, *Sivak v. Winmill*, No. 1:23-cv-00014-AKB, 2023 WL 4600516, at *2 (D. Idaho July 18, 2023); *Sivak v. Duggan*, No. 1:21-CV-00166-BLW, 2021 WL 1881038, at *1 (D. Idaho Apr. 26, 2021); *Sivak v. Doe*, No. 1:19-CV-00234-DCN, 2019 WL 13240389, at *2 (D. Idaho Sept. 11, 2019); *Sivak v. Wilson*, No. 1:93-CV-00081-EJL, 2014 WL 12634293, at *2 (D. Idaho June 20, 2014), *aff'd*, 646 F. App'x 523 (9th Cir. 2016). As a result, Plaintiff is well aware that "a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another," *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973), and that there is "no federal constitutional right to have criminal wrongdoers brought to justice," *Johnson v. Craft*, 673 F. Supp. 191, 193 (D. Miss. 1987).

Because Plaintiff reasserts claims that—as he been told numerous times—have no basis in law or fact, the Court will dismiss this case with prejudice as frivolous and malicious. *See* 28 U.S.C. § 1915A(b)(1).

## ORDER

**IT IS ORDERED** that this entire case is DISMISSED with prejudice.

DATED: April 30, 2024

*Amanda K. Brailsford*
_____
Amanda K. Brailsford
U.S. District Court Judge